# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Crim. No. 01-30044-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ANTON ROBINSON** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Defendant Anton Robinson was convicted on September 10, 2002, of conspiracy to distribute 50 grams or more of crack cocaine.

On January 16, 2003, after a hearing, the Court sentenced him to serve 324 months imprisonment.

Robinson appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On July 18, 2003, the Fifth Circuit issued an opinion affirming Robinson's conviction and sentence.

On October 19, 2004, Robinson filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 223]. Robinson's motion was referred to Magistrate Judge Karen L. Hayes for Report and Recommendation.

On March 30, 2005, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 237], recommending that the Court deny Robinson's Motion to Vacate.

On May 6, 2005, the Court issued a Judgment adopting the Report and Recommendation and dismissing Robinson's action.

However, on June 29, 2005, Robinson filed a motion for reconsideration and for a 10-day

1

extension to file objections to Magistrate Judge Hayes' Report and Recommendation. Robinson explained that the Clerk's Office had mailed the Report and Recommendation to his prior address. Shortly after the Report and Recommendation was mailed, Robinson updated his address, and the Report and Recommendation was sent to his new address. The Court granted Robinson's motion and vacated its May 6, 2006 Judgment, so that it could consider Robinson's objections.

Robinson filed objections and supplemental objections on June 29, 2005, and July 22, 2005. The Court inadvertently, and regretfully, failed to act on Robinson's § 2255 motion.

On March 27, 2008, Robinson filed a motion to clarify the status of the case [Doc. No. 283], but this motion was never referred to the Court for ruling.

Robinson's case was recently reviewed by the Court to determine whether he is entitled to a reduction in his term of imprisonment under the revised Sentencing Guidelines for crack cocaine. The Court appointed the Office of the Federal Public Defender to represent Robinson, and that office notified the Court of Robinson's pending motions.

The Court has now fully reviewed the record in this matter, including all objections and supplemental objections. Having done so, the Court finds that Magistrate Judge Hayes properly recommended dismissal of Robinson's § 2255 motion for the reasons stated in her Report and Recommendation except for two claims, discussed more fully below.

First, the Court finds that Magistrate Judge Hayes properly analyzed Robinson's *Blakely/Booker* claims and adopts her recommendation that these claims be dismissed. Since Magistrate Judge Hayes's Report and Recommendation issued, the Fifth Circuit has clearly held that "*Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255

motion." *United States v. Gentry,* 432 F.3d 600, 604 (5th Cir. 2005).[1] As Robinson admits, his direct appeal was decided prior to the *Booker* decision. While Robinson objects that he is making a "Due Process" claim based on the Court's lack of discretion at sentencing, his argument is premised on the Supreme Court's determination in *Booker* that the Sentencing Guidelines are advisory, not mandatory. Further, having now reviewed the record and considering the factors under 18 U.S.C. § 3553(a), the Court finds that, even if the Sentencing Guidelines had been advisory, the Court would have sentenced Robinson to the same 324-month term of imprisonment if presented with the same facts at sentencing.

With regard to his claims of ineffective assistance of counsel, the Court finds that Magistrate Judge Hayes has stated the law correctly and has fully addressed those claims except for two claims. First, in Claim Five, Robinson argues that his attorney was ineffective in the following way:

> [He] unprofessionally failed to advise Mr. Robinson as to all facts and law relevant to his decision to plead not guilty and proceed to trial. Had Mr. Robinson been fully advised, there is a reasonable probability that [he] would have pleaded guilty and/or proceeded to a bench trial on stipulated facts. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

[Doc. No. 250, p.8]. In her Report and Recommendation, Magistrate Judge Hayes pointed out that counsel's failure to inform a defendant of a plea agreement amounts to ineffective assistance of counsel, but rejected this claim because Robinson presented no evidence that a plea offer was extended or that he would have accepted a plea offer.

---

[1]Additionally, the Fifth Circuit has held that "*Booker* does not apply retroactively on collateral review for purposes of a successive § 2255 motion." *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

However, in his supplemental objections [Doc. No. 50], Robinson appears to make a separate argument that he was denied effective assistance of counsel because his attorney failed to advise him of the term of imprisonment he faced and that, if he had been properly advised, he would have sought a plea agreement. Robinson can establish the prejudice prong of the *Strickland* test if he can show that there is "a reasonable probability that, but for [counsel's] actions, [the defendant] would have received a lesser sentence than he did." *United States v. Grammas,* 376 F.3d 433, 438 (5th Cir. 2004). In the *Grammas* case, counsel's woeful ignorance of the Sentencing Guidelines and Fifth Circuit precedent resulted in his gross underestimation of his client's proper range of imprisonment under the then-mandatory Sentencing Guidelines. Grammas could meet his showing of prejudice by showing first, that "he would have pleaded guilty if he knew of the true criminal penalty he faced," and, second, that "a guilty plea would have indeed reduced [his] sentence." *Id.* Based on the record before it, the Court finds that it cannot determine whether Robinson can meet his burden under this standard. Thus, the Court remands this claim to Magistrate Judge Hayes to conduct further proceedings, including an evidentiary hearing, if necessary. *See United States v. Herrera*, 412 F.3d 577, 582 (5th Cir. 2005).

Additionally, in his supplemental objections, Robinson raised a claim that was not previously presented to the Court: that his attorney had a conflict of interest. Robinson states as follows:

> Mr. Robinson's counsel labored under an actual conflict of interest which adversely affected his performance during the trial process in this case. Counsel owed a 'duty' other than to Mr. Robinson. This duty was in conflict with the duty owed to Mr. Robinson. Counsel chose between the duties. This choice adversely affected the performance of counsel during the trial process.

4

[Doc. No. 250, p.9]. Robinson does not explain what conflict his attorney allegedly had or how that conflict affected his performance in this case. The Court also remands this claim to Magistrate Judge Hayes to conduct further proceedings, including an evidentiary hearing, if necessary.

As to all Robinson's remaining claims of ineffective assistance of counsel, the Court agrees with and ADOPTS Magistrate Judge Hayes's Report and Recommendation [Doc. No. 237]. Those claims are DISMISSED WITH PREJUDICE.

Robinson's motion to clarify status of the case [Doc. No. 283] is DENIED AS MOOT.

MONROE, LOUISIANA, this 16th day of September, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE