RECEIVED
IN MONROE, LA
APR 21 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 01-30044-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ANTON ROBINSON | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a "Motion for Relief for Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(1)" ("Motion for Relief from Judgment") [Doc. No. 368] filed by Defendant Anton Robinson ("Robinson"). The Clerk of Court returned the motion to Robinson on the basis of the Court's March 23, 2010 Order [Doc. No. 363]. In that Order, the Court determined that Robinson's petition for writ of *habeas corpus* is currently on appeal, and Robinson is represented by counsel in that appeal. Accordingly, the Court ordered that Robinson not be permitted to file any pleadings *pro se* unless and until the Court is notified that his counsel has withdrawn from representing Robinson.

However, on April 9, 2010, the Clerk of Court received a letter from Robinson in which he alleges that the duties of his appointed counsel do not extend to the basis of the Motion for Relief for Judgment. The Clerk of Court contacted the Court, and the Court instructed that Robinson's Motion for Relief from Judgment be referred for consideration.

The Court has now fully reviewed that Motion. Robinson's complaint is that the Magistrate Judge, the United States Attorney, his attorney, and the Court all missed the point by failing to fully analyze his *Apprendi* claim. Specifically, he contends that the Court failed to

1

address his argument that he was "denied due process of law and his Sixth Amendment constitutional rights to notice and jury trial by the increase in his sentence by facts not charged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Robinson." [Doc. No. 368, p. 3 (capitalization deleted)]. He takes issue with the following determination in the Court's September 16, 2008 Ruling:

> First, the Court finds that Magistrate Judge Hayes properly analyzed Robinson's *Blakely/Booker* claims and adopts her recommendation that these claims be dismissed. Since Magistrate Judge Hayes's Report and Recommendation issued, the Fifth Circuit has clearly held that "*Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion." *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005).[1] As Robinson admits, his direct appeal was decided prior to the *Booker* decision. While Robinson objects that he is making a "Due Process" claim based on the Court's lack of discretion at sentencing, his argument is premised on the Supreme Court's determination in *Booker* that the Sentencing Guidelines are advisory, not mandatory. Further, having now reviewed the record and considering the factors under 18 U.S.C. § 3553(a), the Court finds that, even if the Sentencing Guidelines had been advisory, the Court would have sentenced Robinson to the same 324-month term of imprisonment if presented with the same facts at sentencing.

[Doc. No. 309, pp. 2-3]. Robinson cannot understand "how the Court [came] up with that conclusion" when his argument was "realistically premised on the Supreme Court's determination in Apprendi, NOT Booker!" [Doc. No. 368, p. 4 (emphasis deleted)]. Additionally, Robinson contends that the Government failed to respond to his argument, so he should obtain a default judgment against it on his "Apprendi" issue.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court "held that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

---

[1] Additionally, the Fifth Circuit has held that "*Booker* does not apply retroactively on collateral review for purposes of a successive § 2255 motion." *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

submitted to a jury, and proved beyond a reasonable doubt.'" *United States v. Senegal*, No. 08-40406, 2010 WL 1141643, at *14 (5th Cir. March 23, 2010) (citing *Apprendi*, 530 U.S. at 490). "Once the jury's findings establish the statutory maximum, however, the district court can make findings as to additional information that would cause it to impose a higher or lower sentence within the statutorily authorized range." *Id.* In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court explained further that it had "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range . . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Finally, the Fifth Circuit has held "[p]ost- Booker [that] a district court **may sentence a defendant on facts not established by either a guilty plea or jury verdict, as long as the [facts] ha[ve] been proven by a preponderance of the evidence.**" *United States v. Valles*, 484 F.3d 745, 760 (5th Cir.2007) (emphasis added) (citing *United States v. Valdez*, 453 F.3d 252, 264 (5th Cir.2006) (citation omitted)); *see also Senegal*, 2010 WL 1141643, at *14 (quoting same).

Thus, while Robinson takes issue with the Court's September 16, 2008 Ruling, *Apprendi* prohibits the Court from enhancing his sentence to a term greater than the statutory maximum based on facts that were not submitted to the jury and not proved beyond a reasonable doubt. Robinson was not sentenced to greater than the statutory maximum. Therefore, *Booker* and its progeny would have the provide to basis, if any, for his claim.

IT IS ORDERED that Robinson's Motion for Relief from Judgment and request for a default judgment are DENIED. The Court's March 23, 2010 Order remains in place, and Robinson is not permitted to make any more filings in this matter related to his § 2255 motion,

whether he believes those issues are being properly handled on appeal or not. If his § 2255 appeal is not resolved by the Fifth Circuit to his satisfaction, he can later request leave from the Fifth Circuit to file a second and successive § 2255 motion.

MONROE, LOUISIANA, this ___21___ day of April, 2010.

*(signature)*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE