UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:01-30044-001** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ANTON L. ROBINSON (01)** | **MAGISTRATE JUDGE HAYS** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"), filed by Defendant Anton L. Robinson. [Doc. No. 434]. Pursuant to his memorandum, Defendant moves the Court to vary downward from the sentencing guidelines and impose a reduced sentence. *Id.* at 4. He further moves the Court to reduce his term of supervised release from five years to four years. *Id.* The government opposes the motion, arguing: (1) Robinson is not eligible for relief under the FSA, and (2) even if the Court finds he is eligible for relief, it should exercise its discretion and deny relief based upon the sentencing factors set forth in 18 U.S.C. § 3553(a). [Doc. No. 435 at 1]. For the following reasons, Defendant's motion is GRANTED, and the Court will reduce Defendant's term of imprisonment to 264 months and will reduce his term of supervised release to four years.

### I.
#### BACKGROUND

On December 19, 2001, Robinson and six co-defendants were charged in a nine count Indictment with various narcotics offenses. [Doc. No. 1]. Robinson was named in Count 1 only, which charged him with conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 10, 2002, following a two-day jury trial, Robison was found guilty of Count 1. The jury additionally found

the offense involved fifty grams or more of cocaine base. [Doc. No. 160]. On January 14, 2003, Robinson was sentenced under the then-mandatory sentencing guidelines to a total term of imprisonment of 324 months, to be followed by a five-year term of supervised release.[1] [Doc. No. 186].

## II.
### APPLICABLE LAW

At the time Robinson was sentenced, distribution of 50 grams or more of crack cocaine carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (West 2003). On August 3, 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams, and increased the quantity of cocaine base required to trigger the five-year mandatory minimum sentence from 5 grams to 28 grams. *Id.* at 269. The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). The First Step Act provides in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.

---

[1] Robinson's sentencing guideline range was 324 to 405 months.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

## III.
### ANALYSIS

**A.     Whether Defendant is eligible for relief under the First Step Act**

The government contends Robinson is ineligible for relief due to the amount of cocaine base attributed to him in the Presentence Investigation Report ("PSR"), which was adopted by the Court at sentencing.[2] [Doc. No. 435 at 4]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* at 5 (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. *Jackson* at 320 ("[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted.") Accordingly, the Court finds Robinson meets all requirements for eligibility under section 404 of the FSA: Robinson was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by

---

[2] The PSR found Robinson's conduct involved 41.78 kilograms of cocaine base. PSR at ¶ 17.

sections 2 and 3 of the Fair Sentencing Act." Therefore, the Court finds Robinson is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson*, 945 F.3d at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[3] Robinson was originally subject to a statutory sentencing range of ten years to life in prison. Under the First Step Act, his statutory sentencing range is now five to forty years. Robinson's sentencing guideline range remains 324 to 405 months incarceration.

The government argues a reduced sentence is not warranted, primarily relying on "the nature of the defendant's criminal history and characteristics." [Doc. No. 435 at 3]. The government characterizes defendant as "a major crack dealer and gang member," notes he "directed other lower level drug dealers," and notes cooperating witnesses and co-defendants "attributed over 41 kilograms of crack" to Robinson.[4] *Id.* at 3-4. The government further argues "defendant used firearms on a regularly [sic] basis," one of his prior convictions "involved possessing a firearm," he has a bullet wound in his neck from a prior shooting, and he has little work history. *Id.* at 4. From these facts, the government argues one can "read between the lines"

---

[3] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited March 9, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

[4] The only information in the record the Court has located identifying Robinson as a "gang member" is found in the Presentence Report, which notes on an unidentified date, law enforcement received information from a confidential informant that Robinson was a "major distributor of crack cocaine and a gang member." [PSR at ¶ 4].

and see that "defendant had been dealing drugs and using firearms for a long time." *Id.* Finally, the government notes Robinson's guideline range has not changed, and if he were sentenced today the only factor he could identify supporting a downward variance is his "relatively low criminal history category." *Id.*

Counsel for Robinson points out he has a relatively low Criminal History Category of III, due to what appear to be misdemeanor offenses for which Robinson was convicted when he was nineteen years old.[5] [Doc. No. 434 at 2]. Counsel further notes that while there are references to firearms in the offense conduct and criminal history sections of the PSR, "there is no allegation that Robinson ever used or threatened to use violence" in furtherance of his offenses. *Id.* at 2-3. Counsel points to the many educational and vocational courses Robinson has completed in an effort to further his rehabilitation (e.g., auto mechanics, introduction to leather, basic masonry, small engine repair, HVAC, auto sales, etc.). *Id.* at 3. Counsel additionally points to Robinson's BOP disciplinary record – which reflects only two disciplinary sanctions incurred in 2004 and 2005 – as evidence of Robinson's "ability to abide by the rules set out for him and to conduct himself appropriately."[6] *Id.*

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, and having presided over the trial and sentencing of Mr. Robinson, the Court determines that a reduction of Defendant's sentence of imprisonment to 264 months incarceration is sufficient but

---

[5] Robinson was convicted of Carrying a Concealed Weapon in Florida in 1990 and received a sentence of six months probation. [PSR at ¶ 28]. The same year, he was convicted of Possession of Drug Paraphernalia, and sentenced to time served after serving less than five months in jail. *Id.* at ¶ 29.

[6] In 2004, Robinson was sanctioned for "interfering with taking count," and in 2005, he was sanctioned for conducting a gambling pool. [Doc. No. 434-2].

not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crime Robinson committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to four years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 434] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to 264 months and reducing his term of supervised release to four years. Except as modified in this paragraph, all other provisions of the Judgment imposed on January 14, 2003 [Doc. No. 186] REMAIN in effect.

SIGNED this 8th day of April, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE